ORIGINAL FILED

NOV 29 AM 11: 30

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  Matthew Franklin Jaksa (CA State Bar No. 248072)
2  HOLME ROBERTS & OWEN LLP
   560 Mission Street, 25th Floor
3  San Francisco, CA  94105-2994
   Telephone:  (415) 268-2000
4  Facsimile:  (415) 268-1999
   Email:    matt.jaksa@hro.com
5
6  Attorneys for Plaintiffs,
   MAVERICK RECORDING COMPANY;
7  UMG RECORDINGS, INC.; SONY BMG
   MUSIC ENTERTAINMENT; and
8  INTERSCOPE RECORDS
9
10              UNITED STATES DISTRICT COURT
11            NORTHERN DISTRICT OF CALIFORNIA
12                  C 07      6029
13  MAVERICK RECORDING COMPANY, a     CASE NO.
    California joint venture; UMG RECORDINGS,                      MJJ
14  INC., a Delaware corporation; SONY BMG     COMPLAINT FOR COPYRIGHT
    MUSIC ENTERTAINMENT, a Delaware     INFRINGEMENT
15  general partnership; and INTERSCOPE
16  RECORDS, a California general partnership,
                    Plaintiffs,
17
18          v.
19  JOHN DOE,
                    Defendant.
20
21
22
23
24
25
26
27
28

Complaint for Copyright Infringement
Case No.
#33992 v1

1    **JURISDICTION AND VENUE**

2       1.      This is a civil action seeking damages and injunctive relief for copyright infringement

3    under the copyright laws of the United States (17 U.S.C. § 101 *et seq.*).

4       2.      This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal

5    question); and 28 U.S.C. § 1338(a) (copyright).

6       3.      Venue in this District is proper. See 28 U.S.C. §§ 1391(b), 1400(a). Although the

7    true identity of Defendant is unknown to Plaintiffs at this time, on information and belief, Defendant

8    may be found in this District and/or a substantial part of the acts of infringement complained of

9    herein occurred in this District. On information and belief, personal jurisdiction in this District is

10   proper because Defendant, without consent or permission of the copyright owner, disseminated over

11   the Internet copyrighted works owned and/or controlled by Plaintiffs. On information and belief,

12   such illegal dissemination occurred in every jurisdiction in the United States, including this one. In

13   addition, Defendant contracted with an Internet Service Provider ("ISP") found in this District to

14   provide Defendant with the access to the Internet which facilitated Defendant's infringing activities.

15   **PARTIES**

16      4.      Plaintiff Maverick Recording Company is a joint venture between SR/MDM Venture

17   Inc. and Maverick Records LLC, organized and existing under the laws of the State of California,

18   with its principal place of business in the State of California.

19      5.      Plaintiff UMG Recordings, Inc. is a corporation duly organized and existing under the

20   laws of the State of Delaware, with its principal place of business in the State of California.

21      6.      Plaintiff SONY BMG MUSIC ENTERTAINMENT is a Delaware general

22   partnership, with its principal place of business in the State of New York.

23      7.      Plaintiff Interscope Records is a California general partnership, with its principal

24   place of business in the State of California.

25      8.      The true name and capacity of Defendant are unknown to Plaintiffs at this time.

26   Defendant is known to Plaintiffs only by the Internet Protocol ("IP") address assigned to Defendant

27   by his or her ISP on the date and time of Defendant's infringing activity. See Exhibit A. Plaintiffs

28

1

1  believe that information obtained in discovery will lead to the identification of Defendant's true

2  name.

### COUNT I

### INFRINGEMENT OF COPYRIGHTS

5       9.      Plaintiffs incorporate herein by this reference each and every allegation contained in

6  each paragraph above.

7       10.     Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of

8  exclusive rights under United States copyright law with respect to certain copyrighted sound

9  recordings, including, but not limited to, all of the copyrighted sound recordings on Exhibit A to this

10  Complaint (collectively, these copyrighted sound recordings shall be identified as the "Copyrighted

11  Recordings"). Each of the Copyrighted Recordings is the subject of a valid Certificate of Copyright

12  Registration issued by the Register of Copyrights to each Plaintiff as specified on each page of

13  Exhibit A.

14      11.     Among the exclusive rights granted to each Plaintiff under the Copyright Act are the

15  exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted

16  Recordings to the public.

17      12.     Plaintiffs are informed and believe that Defendant, without the permission or consent

18  of Plaintiffs, has continuously used, and continues to use, an online media distribution system to

19  download and/or distribute to the public certain of the Copyrighted Recordings. Exhibit A identifies

20  the IP address with the date and time of capture and a list of copyrighted recordings that Defendant

21  has, without the permission or consent of Plaintiffs, downloaded and/or distributed to the public.

22  Through his or her continuous and ongoing acts of downloading and/or distributing to the public the

23  Copyrighted Recordings, Defendant has violated Plaintiffs' exclusive rights of reproduction and

24  distribution. Defendant's actions constitute infringement of Plaintiffs' copyrights and/or exclusive

25  rights under copyright. (In addition to the sound recordings listed on Exhibit A, Plaintiffs are

26  informed and believe Defendant has, without the permission or consent of Plaintiffs, continuously

27  downloaded and/or distributed to the public additional sound recordings owned by or exclusively

28  licensed to Plaintiffs or Plaintiffs' affiliate record labels, and Plaintiffs believe that such acts of

Complaint for Copyright Infringement
Case No.
#33992 v1

1　infringement are ongoing.  Exhibit A includes the currently-known total number of audio files being

2　distributed by Defendant.)

3　　　　13.　　Plaintiffs have placed proper notices of copyright pursuant to 17 U.S.C. § 401 on

4　each respective album cover of each of the sound recordings identified in Exhibit A.  These notices

5　of copyright appeared on published copies of each of the sound recordings identified in Exhibit A.

6　These published copies were widely available, and each of the published copies of the sound

7　recordings identified in Exhibit A was accessible by Defendant.

8　　　　14.　　Plaintiffs are informed and believe that the foregoing acts of infringement have been

9　willful, intentional, and in disregard of and with indifference to the rights of Plaintiffs.

10　　　　15.　　As a result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights

11　under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) against

12　Defendant for each infringement of each copyrighted recording.  Plaintiffs further are entitled to

13　their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

14　　　　16.　　The conduct of Defendant is causing and, unless enjoined and restrained by this

15　Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated

16　or measured in money.  Plaintiffs have no adequate remedy at law.  Pursuant to 17 U.S.C. §§ 502

17　and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendant from further infringing

18　Plaintiffs' copyrights, and ordering that Defendant destroy all copies of copyrighted sound

19　recordings made in violation of Plaintiffs' exclusive rights.

20　　　　WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

21　　　　　　1.　　For an injunction providing:

22　　　　　　"Defendant shall be and hereby is enjoined from directly or indirectly
infringing Plaintiffs' rights under federal or state law in the
23　　　　　　Copyrighted Recordings and any sound recording, whether now in
existence or later created, that is owned or controlled by Plaintiffs (or
24　　　　　　any parent, subsidiary, or affiliate record label of Plaintiffs)
("Plaintiffs' Recordings"), including without limitation by using the
25　　　　　　Internet or any online media distribution system to reproduce (*i.e.,*
download) any of Plaintiffs' Recordings or to distribute (*i.e.,* upload)
26　　　　　　any of Plaintiffs' Recordings, except pursuant to a lawful license or
with the express authority of Plaintiffs.  Defendant also shall destroy
27　　　　　　all copies of Plaintiffs' Recordings that Defendant has downloaded
onto any computer hard drive or server without Plaintiffs'
28　　　　　　authorization and shall destroy all copies of those downloaded

3

1    recordings transferred onto any physical medium or device in
     Defendant's possession, custody, or control."

2

3         2.    For statutory damages for each infringement of each Copyrighted Recording

4    pursuant to 17 U.S.C. § 504.

5         3.    For Plaintiffs' costs in this action.

6         4.    For Plaintiffs' reasonable attorneys' fees incurred herein.

7         5.    For such other and further relief as the Court may deem just and proper.

8    Dated: November 29, 2007                   HOLME ROBERTS & OWEN LLP

9

10                                       By: _____

11                                              MATTHEW FRANKLIN JAKSA
                                                Attorney for Plaintiffs
12                                              MAVERICK RECORDING COMPANY;
                                                UMG RECORDINGS, INC.; SONY BMG
13                                              MUSIC ENTERTAINMENT; and
                                                INTERSCOPE RECORDS
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                          4

# Exhibit
# A

**EXHIBIT A**

**JOHN DOE**

**IP Address:** 169.229.100.74 2007-07-03 21:50:23 EDT          **CASE ID#** 134866285

**P2P Network:** GnutellaUS                                     **Total Audio Files:** 663

| Copyright Owner | Artist | Recording Title | Album Title | SR# |
|---|---|---|---|---|
| Maverick Recording Company | Michelle Branch | Something To Sleep To | The Spirit Room | 303-732 |
| UMG Recordings, Inc. | Keane | Somewhere Only We Know | Hopes and Fears | 355-429 |
| SONY BMG MUSIC ENTERTAINMENT | Train | Train | Train | 298-334 |
| UMG Recordings, Inc. | Ludacris | Move Bitch | Word of Mouf | 304-605 |
| UMG Recordings, Inc. | Nelly | Grillz | Grillz (single) | 385-148 |
| UMG Recordings, Inc. | Nelly Furtado | Promiscuous | Promiscuous (single) | 391-618 |
| Interscope Records | Eminem | Encore | Encore (single) | 362-156 |
| UMG Recordings, Inc. | Mya | You | Moodring | 338-694 |
| UMG Recordings, Inc. | Daniel Bedingfield | If You're Not the One | Gotta Get Thru This | 321-977 |