ORIGINAL
FILED

07 NOV 29 AM 11: 32

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1    Matthew Franklin Jaksa (CA State Bar No. 248072)
HOLME ROBERTS & OWEN LLP
2    560 Mission Street, 25th Floor
3    San Francisco, CA 94105-2994
Telephone:   (415) 268-2000
4    Facsimile:   (415) 268-1999
Email:        matt.jaksa@hro.com
5
6    Attorneys for Plaintiffs,
MAVERICK RECORDING COMPANY;
7    UMG RECORDINGS, INC.; SONY BMG
MUSIC ENTERTAINMENT; and
8    INTERSCOPE RECORDS
9

10                    UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
11
MJJ
12

13    MAVERICK RECORDING COMPANY, a          CASE NO.
California joint venture; UMG RECORDINGS,                         6029
14    INC., a Delaware corporation; SONY BMG
MUSIC ENTERTAINMENT, a Delaware         MEMORANDUM OF LAW IN SUPPORT
15    general partnership; and INTERSCOPE      OF *EX PARTE* APPLICATION FOR LEAVE
RECORDS, a California general partnership,   TO TAKE IMMEDIATE DISCOVERY
16                            Plaintiffs,
17
v.
18
19    JOHN DOE,
Defendant.
20
21
22
23
24
25
26
27
28

Memorandum of Law in Support of Ex Parte Application for Leave to Take Immediate Discovery
Case No.
#33998 v1

# I.    INTRODUCTION

Plaintiffs, record companies who own the copyrights in the most popular sound recordings in the United States, seek leave of the Court to serve limited, immediate discovery on a third party Internet Service Provider ("ISP") to determine the true identity of Defendant John Doe , who is being sued for direct copyright infringement.  Without such discovery, Plaintiffs cannot identify Defendant , and thus cannot pursue their lawsuit to protect their copyrighted works from repetitive, rampant infringement.[1]

As alleged in the complaint, Defendant , without authorization, used an online media distribution system (*e.g.*, a peer-to-peer or "P2P" system) to download Plaintiffs' copyrighted works and/or distribute copyrighted works to the public.  See Declaration of Carlos Linares ("Linares Decl."), ¶ 18 (filed simultaneously herewith).  Although Plaintiffs do not know the true name of Defendant ,[2] Plaintiffs have identified Defendant by a unique Internet Protocol ("IP") address assigned to Defendant on the date and at the time of Defendant's infringing activity.  Id. Additionally, Plaintiffs have gathered evidence of the infringing activities.  Id. ¶¶ 14-15, 19. Plaintiffs have downloaded a sample of several of the sound recordings Defendant illegally distributed and have evidence of every file (numbering in the hundreds that Defendant illegally distributed to the public.  Id.

Plaintiffs have identified the ISP that provided Internet access to Defendant by using a publicly available database to trace the IP address for Defendant.  Id. ¶¶ 12, 18.  Here, the ISP is University of California, Berkeley ("U. Cal. Berkeley").  Id.  When given a Defendant's IP address and the date and time of infringement, an ISP quickly and easily can identify the name and address of a Doe Defendant (*i.e.,* the ISP's subscriber) because that information is contained in the ISP's subscriber activity log files.  Id. ¶ 16.[3]  Plaintiffs' experience is that ISPs typically keep log files of

---

[1] Because Plaintiffs do not currently know the identity of the Defendant, Plaintiffs cannot ascertain the Defendant's position on this *Ex Parte* Application.

[2] When using a P2P system (*e.g.*, Ares, eDonkey, Gnutella, BitTorrent, or DirectConnect), a Defendant typically uses monikers, or user names, and not his true name.  Linares Decl., ¶ 10.  Plaintiffs have no ability to determine a Defendant's true name other than by seeking the information from the ISP.  Id. ¶¶ 10, 16.

[3] ISPs own or are assigned certain blocks or ranges of IP addresses.  A subscriber gains access to the Internet through an ISP after setting up an account with the ISP.  An ISP then assigns a particular IP address in its block or range

Memorandum of Law in Support of Ex Parte Application for Leave to Take Immediate Discovery
Case No.
#33998 v1

1    subscriber activities for only limited periods of time – which can range from as short as a few days,

2    to a few months – before erasing the data. Id. ¶ 24. Plaintiffs alert the ISP to the existence of the

3    copyright claims shortly after identifying the infringing activity and ask the ISP to maintain the log

4    files.

5          Plaintiffs now seek leave of the Court to serve limited, immediate discovery on U. Cal.

6    Berkeley to identify the Defendant. Plaintiffs intend to serve a Rule 45 subpoena on U. Cal.

7    Berkeley seeking documents, including electronically-stored information, sufficient to identify the

8    Defendant's true name, current (and permanent) addresses and telephone numbers, e-mail addresses,

9    and Media Access Control ("MAC") addresses. If U. Cal. Berkeley cannot link the IP address listed

10   in the subpoena to a specific individual, Plaintiffs seek all documents and electronically-stored

11   information relating to the assignment of that IP address at the date and time the IP address was used

12   to infringe Plaintiffs' copyrighted sound recordings. Once Plaintiffs learn the Defendant's

13   identifying information, Plaintiffs will attempt to contact Defendant and attempt to resolve the

14   dispute. If the dispute is not resolved and it is determined that it would be more appropriate to

15   litigate the copyright infringement claims in another jurisdiction, Plaintiffs will dismiss the present

16   lawsuit against Defendant and re-file in the appropriate jurisdiction. Without the ability to obtain the

17   Defendant's identifying information, however, Plaintiffs may never be able to pursue their lawsuit to

18   protect their copyrighted works from repeated infringement. Id. ¶ 24. Moreover, the infringement

19   may be ongoing such that immediate relief is necessary. Thus, the need for the limited, immediate

20   discovery sought in this *Ex Parte* Application is critical.

21   **II.    BACKGROUND**

22         The Internet and P2P networks have spawned an illegal trade in copyrighted works. See

23   MGM Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 923 (U.S. 2005). By downloading P2P software,

24   and logging onto a P2P network, an individual can upload (distribute) or download (copy), without

25   authorization, countless copyrighted music and video files to or from any other P2P network user

26   worldwide. See id. at 920 (detailing the process used by infringers to download copyrighted works);

27

28   to the subscriber when that subscriber goes "online." After reviewing the subscriber activity logs (which contain the
     assigned IP addresses), an ISP can identify its subscribers by name. Linares Decl., ¶ 16.

Memorandum of Law in Support of Ex Parte Application for Leave to Take Immediate Discovery
Case No.
#33998 v1

1  A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1014 (9th Cir. 2001) (stating that infringers use

2  P2P networks to copy and distribute copyrighted works); Universal City Studios, Inc. v. Reimerdes,

3  111 F. Supp. 2d 294, 331 (S.D.N.Y.), aff'd sub nom., Universal City Studios, Inc. v. Corley, 273

4  F.3d 429 (2d Cir. 2001) (describing a viral system, in which the number of infringing copies made

5  available multiplies rapidly as each user copying a file also becomes a distributor of that file). Until

6  enjoined, Napster was the most notorious online media distribution system. Grokster, 545 U.S. at

7  924. Notwithstanding the Napster Court's decision, similar online media distribution systems

8  emerged that have attempted to capitalize on the growing illegal market that Napster fostered. These

9  include Ares, KaZaA, eDonkey, BitTorrent, DirectConnect, and Gnutella, among others. Linares

10  Decl., ¶ 6. Despite the continued availability of such systems, there is no dispute that the uploading

11  and downloading of copyrighted works without authorization is copyright infringement. Napster,

12  239 F.3d at 1014-15; In re Aimster Copyright Litig., 334 F.3d 643 (7th Cir. 2003), cert. denied, 124

13  S. Ct. 1069 (2004). Nonetheless, at any given moment, millions of people illegally use online media

14  distribution systems to upload or download copyrighted material. Linares Decl., ¶ 6. More than 2.6

15  billion infringing music files are downloaded monthly. L. Grossman, It's All Free, Time, May 5,

16  2003, at 60-69.

17       The propagation of illegal digital copies over the Internet significantly harms copyright

18  owners, and has had a particularly devastating impact on the music industry. Linares Decl., ¶ 9. The

19  RIAA member companies lose significant revenues on an annual basis due to the millions of

20  unauthorized downloads and uploads of well-known recordings that are distributed on P2P networks.

21  Id. ¶ 9. Evidence shows that the main reason for the precipitous drop in revenues is that individuals

22  are downloading music illegally for free, rather than buying it. See In re Aimster Copyright Litig.,

23  334 F.3d at 645.

24  **III.    ARGUMENT**

25       Courts, including this circuit, routinely allow discovery to identify "Doe" defendants. See

26  Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (error to dismiss unnamed defendants

27  given possibility that identity could be ascertained through discovery); Valentin v. Dinkins, 121 F.3d

28  72, 75-76 (2d Cir. 1997) (vacating dismissal; pro se plaintiff should have been permitted to conduct

1  discovery to reveal identity of the defendant); <u>Dean v. Barber</u>, 951 F.2d 1210, 1215 (11th Cir. 1992)

2  (error to deny the plaintiff's motion to join John Doe defendant where identity of John Doe could

3  have been determined through discovery); <u>Munz v. Parr</u>, 758 F.2d 1254, 1257 (8th Cir. 1985) (error

4  to dismiss claim merely because the defendant was unnamed; "Rather than dismissing the claim, the

5  court should have ordered disclosure of the Officer Doe's identity"); <u>Maclin v. Paulson</u>, 627 F.2d 83,

6  87 (7th Cir. 1980) (where "party is ignorant of defendants' true identity . . . plaintiff should have

7  been permitted to obtain their identity through limited discovery").

8       Indeed, in similar copyright infringement cases brought by Plaintiffs, and/or other record

9  companies, against Doe defendants for infringing copyrights over P2P networks, many courts,

10  including this Court, have granted Plaintiffs' motions for leave to take expedited discovery. <u>See</u>,

11  <u>e.g.</u>, Order, <u>Maverick Recording Co. v. Does 1-4</u>, Case No. C-04-1135 MMC (N.D. Cal. April 28,

12  2004); Order, <u>Arista Records LLC v. Does 1-16</u>, No. 07-1641 LKK EFB (E.D.Cal. Aug. 23, 2007);

13  Order, <u>Sony BMG Music Ent't v. Does 1-16</u>, No. 07-cv-00581-BTM-AJB (S.D. Cal. Apr. 19, 2007);

14  Order, <u>UMG Recordings, Inc. v. Does 1-2</u>, No. CV04-0960 (RSL) (W.D. Wash. May 14, 2004);

15  Order, <u>Loud Records, LLC v. Does 1-5</u>, No. CV-04-0134-RHW (E.D. Wash. May 10, 2004); Order,

16  <u>London-Sire Records, Inc. v. Does 1-4</u>, No. CV 04-1962 ABC (AJWx) (C.D. Cal. Apr. 2, 2004);

17  Order, <u>Interscope Records. v. Does 1-4</u>, No. CV-04-131 TUC-JM (D. Ariz. Mar. 25, 2004) (true and

18  correct copies of these Orders are attached hereto as Exhibit A). This Court should not depart from

19  its well-reasoned decisions, or the well-reasoned decisions of other courts that have addressed this

20  issue directly.

21       Courts allow parties to conduct expedited discovery in advance of a Rule 26(f) conference

22  where the party establishes "good cause" for such discovery. <u>See UMG Recordings, Inc.</u>, 2006 U.S.

23  DIST. LEXIS 32821 (N.D. Cal. Mar. 6, 2000); <u>Entertainment Tech. Corp. v. Walt Disney</u>

24  <u>Imagineering</u>, No. Civ. A. 03-3546, 2003 WL 22519440, at *4 (E.D. Pa. Oct. 2, 2003) (applying a

25  reasonableness standard); <u>Semitool, Inc. v. Tokyo Electron Am., Inc.</u>, 208 F.R.D. 273, 275-76 (N.D.

26  Cal. 2002); <u>Yokohama Tire Corp. v. Dealers Tire Supply, Inc.</u>, 202 F.R.D. 612, 613-14 (D. Ariz.

27  2001) (applying a good cause standard); <u>Energetics Sys. Corp. v. Advanced Cerametrics</u>, No. 95-

28  7956, 1996 U.S. Dist. LEXIS 2830, *5-6 (E.D. Pa. March 8, 1996) (good cause standard satisfied

4

1  where the moving party had asserted claims of infringement).  Plaintiffs easily have met this

2  standard.

3       First, good cause exists where, as here, the complaint alleges claims of infringement.  <u>See</u>

4  <u>Interscope Records v. Does 1-14</u>, No. 5:07-4107-RDR, 2007 U.S. Dist. LEXIS 73627, *3 (D. Kan.

5  Oct. 1, 2007) (citations omitted) ("Good cause can exist in cases involving claims of infringement

6  and unfair competition); <u>Energetics Sys. Corp.</u>, 1996 U.S. Dist. LEXIS 2830 at *5-6 (good cause

7  standard satisfied where the moving party had asserted claims of infringement); <u>see also</u> <u>Semitool</u>,

8  208 F.R.D. at 276; <u>Benham Jewelry Corp. v. Aron Basha Corp.</u>, No. 97 CIV 3841, 1997 WL

9  639037, at *20 (S.D.N.Y. Oct. 14, 1997).  This is not surprising, since such claims necessarily

10  involve irreparable harm to the plaintiff.  4 Melville B. Nimmer & David Nimmer, <u>Nimmer On</u>

11  <u>Copyright</u> § 14.06[A], at 14-103 (2003); <u>see also</u> <u>Taylor Corp. v. Four Seasons Greetings, LLC</u>, 315

12  F.3d 1034, 1042 (8th Cir. 2003); <u>Health Ins. Ass'n of Am. v. Novelli</u>, 211 F. Supp. 2d 23, 28

13  (D.D.C. 2002) ("A copyright holder [is] presumed to suffer irreparable harm as a matter of law when

14  his right to the exclusive use of copyrighted material is invaded.") (quotations and citations omitted);

15  <u>ABKCO Music, Inc. v. Stellar Records, Inc.</u>, 96 F.3d 60, 66 (2d Cir. 1996).

16       Second, good cause exists here because there is very real danger the ISP will not long

17  preserve the information that Plaintiffs seek.  As discussed above, ISPs typically retain user activity

18  logs containing the information sought for only a limited period of time before erasing the data.

19  Linares Decl., ¶ 24.  If that information is erased, Plaintiffs will have ***no*** ability to identify the

20  Defendant, and thus will be unable to pursue their lawsuit to protect their copyrighted works.  <u>Id.</u>

21  Where "physical evidence may be consumed or destroyed with the passage of time, thereby

22  disadvantaging one or more parties to the litigation," good cause for expedited discovery exists.

23  <u>Interscope Records</u>, 2007 U.S. Dist. LEXIS 73627 at *3 (citation omitted); <u>see also</u> <u>Metal Bldg.</u>

24  <u>Components, L.P. v. Caperton</u>, CIV-04-1256 MV/DJS, 2004 U.S. Dist. LEXIS 28854, *10-11

25  (D.N.M. April 2, 2004) ("Good cause is frequently found . . . when physical evidence may be

26  consumed or destroyed with the passage of time, thereby disadvantaging one or more parties to the

27  litigation.") (citation omitted); <u>Pod-Ners, LLC v. Northern Feed & Bean</u>, 204 F.R.D. 675, 676 (D.

28  Colo. 2002) (allowing the plaintiff expedited discovery to inspect "beans" in the defendant's

5

1  possession because the beans might no longer be available for inspection if discovery proceeded in

2  the normal course).

3        Third, good cause exists because the narrowly tailored discovery requests do not exceed the

4  minimum information required to advance this lawsuit and will not prejudice the Defendant. See

5  Semitool, 208 F.R.D. at 276 ("Good cause may be found where the need for expedited discovery, in

6  consideration of the administration of justice, outweighs the prejudice to the responding party.").

7  Plaintiffs seek immediate discovery to identify the Defendant; information that may be erased very

8  soon. Plaintiffs (who continue to be harmed by Defendant's copyright infringement, Linares Decl., ¶

9  9), cannot wait until after the Rule 26(f) conference (ordinarily a prerequisite before propounding

10 discovery) because there are no known defendants with whom to confer (and thus, no conference is

11 possible). There is no prejudice to the Defendant because Plaintiffs merely seek information to

12 identify the Defendant and to serve him or her, and Plaintiffs agree to use the information disclosed

13 pursuant to their subpoenas only for the purpose of protecting their rights under the copyright laws.

14 See Metal Bldg. Components, L.P., 2004 U.S. Dist. LEXIS 28854 at *12 (where "the requested

15 discovery is relevant and will be produced in the normal course of discovery," the court was "unable

16 to discern any prejudice or hardship to Defendant" if discovery is conducted "on an expedited

17 basis.").

18       Fourth, courts regularly grant expedited discovery where such discovery will "substantially

19 contribute to moving th[e] case forward." Semitool, 208 F.R.D. at 277. Here, the present lawsuit

20 cannot proceed without the limited, immediate discovery Plaintiffs seek because there is no other

21 information Plaintiffs can obtain about the Defendant without discovery from the ISP. As shown by

22 the Declaration of Carlos Linares, Plaintiffs already have developed a substantial case on the merits

23 against each infringer. Plaintiffs' complaint alleges a *prima facie* claim for direct copyright

24 infringement. Plaintiffs have alleged that they own and have registered the copyrights in the works

25 at issue, and that the Defendant copied or distributed those copyrighted works without Plaintiffs'

26 authorization. See Complaint. These allegations state a claim of copyright infringement. Nimmer

27 On Copyright § 31.01, at 31-3 to 31-7; Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340,

28 361 (1991). In addition, Plaintiffs have copies of a sample of several of the sound recordings that

Memorandum of Law in Support of Ex Parte Application for Leave to Take Immediate Discovery
Case No.
#33998 v1

1    the Defendant illegally distributed to the public and have evidence of every file that the Defendant

2    illegally distributed to the public. See Complaint Ex. A; Linares Decl., ¶¶ 18-19.  These more

3    complete lists show hundreds of files, many of them sound recordings (MP3 files) that are owned by,

4    or exclusively licensed to, Plaintiffs. See Linares Decl., ¶ 19.  Plaintiffs believe that virtually all of

5    the sound recordings have been downloaded and/or distributed to the public without permission or

6    consent of the respective copyright holders. Id.  Absent limited, immediate discovery, Plaintiffs will

7    be unable to obtain redress for any of this infringement.

8         Finally, Plaintiffs request that the Court make clear that U. Cal. Berkeley is authorized to

9    respond to the subpoena pursuant to the Family Educational Rights and Privacy Act, 20 U.S.C.

10   1232g ( "FERPA").  Though FERPA generally prohibits disclosure of certain records by federally-

11   funded educational institutions, it expressly provides that information can be disclosed pursuant to

12   court order. See 20 U.S.C. § 1232g(b)(2)(B).  While Plaintiffs do not believe FERPA prevents the

13   disclosure of the information requested in the subpoena,[4] universities and colleges have expressed

14   concern about their obligations under FERPA, and some have taken the position that a court order is

15   required before they will disclose subscriber information.  Hence, Plaintiffs seek an appropriate

16   order explicitly authorizing U. Cal. Berkeley to comply with the subpoena under 20 U.S.C. §

17   1232g(b)(2)(B).

18        If the Court grants this Ex Parte Application, Plaintiffs will serve a subpoena on U. Cal.

19   Berkeley requesting documents that identify the true name and other information about Defendant

20   within 15 business days.  U. Cal. Berkeley then will be able to notify its subscriber that this

21   information is being sought, and Defendant will be able to raise any objections before this Court in

22   the form of a motion to quash prior to the return date of the subpoena.  Thus, to the extent that

23   Defendant wishes to object, he or she will be able to do so.

24

25

26

27

28
          [4] Plaintiffs do not concede that FERPA prevents University of California, Berkeley, from disclosing the type of
     information being requested by Plaintiffs, but believe that a properly framed court order will make resolution of that
     issue unnecessary.

7

1 | **IV.    CONCLUSION**

2      For the foregoing reasons, the Court should grant the *Ex Parte* Application and enter an

3 Order substantially in the form of the attached Proposed Order.

4 Dated:  November 29, 2007                         HOLME ROBERTS & OWEN LLP

6                                                   By: _____

7                                                   MATTHEW FRANKLIN JAKSA
                                                    Attorney for Plaintiffs
8                                                   MAVERICK RECORDING COMPANY;
                                                    UMG RECORDINGS, INC.; SONY BMG
9                                                   MUSIC ENTERTAINMENT; and
                                                    INTERSCOPE RECORDS

8

# Exhibit
# A

1   JEFFREY G. KNOWLES (State Bar # 129754)
    JULIA D. GREER (State Bar # 200479)
2   ZUZANA J. SVIHRA (State Bar # 208671)
    COBLENTZ, PATCH, DUFFY & BASS, LLP
3   One Ferry Building, Suite 200
    San Francisco, California 94111
4   Telephone: (415) 391-4800
    Facsimile:  (415) 989-1663
5
    Attorneys for Plaintiffs
6   MAVERICK RECORDING CO.; WARNER BROS.
    RECORDS INC.; ARISTA RECORDS, INC.; VIRGIN
7   RECORDS AMERICA, INC.; UMG RECORDINGS, INC.;
    INTERSCOPE RECORDS; BMG MUSIC; SONY MUSIC
8   ENTERTAINMENT INC.; ATLANTIC RECORDING
    CORP.; MOTOWN RECORD COMPANY, L.P.; and
9   CAPITOL RECORDS, INC.

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                SAN FRANCISCO DIVISION

| | |
|---|---|
| 13  MAVERICK RECORDING COMPANY, a California joint venture; WARNER BROS. | CASE NO. C-04-1135 MMC |
| 14  RECORDS INC., a Delaware corporation; ARISTA RECORDS, INC., a Delaware | [PROPOSED] ORDER GRANTING PLAINTIFFS' MISCELLANEOUS |
| 15  corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; UMG | ADMINISTRATIVE REQUEST FOR LEAVE TO TAKE IMMEDIATE |
| 16  RECORDINGS, INC., a Delaware corporation; INTERSCOPE RECORDS, a | DISCOVERY |
| 17  California general partnership; BMG MUSIC, a New York general partnership; SONY | |
| 18  MUSIC ENTERTAINMENT INC., a Delaware corporation; ATLANTIC | |
| 19  RECORDING CORPORATION, a Delaware corporation; MOTOWN RECORD | |
| 20  COMPANY, L.P., a California limited partnership; and CAPITOL RECORDS, INC., | |
| 21  a Delaware corporation, | |
| 22          Plaintiffs, | |
| 23      vs. | |
| 24  DOES 1 - 4, | |
| 25          Defendants. | |

26

27

28

COBLENTZ, PATCH, DUFFY & BASS, LLP
One Ferry Building, Suite 200, san francisco, ca 94111-4213
(415) 391-4800  ●  (415) 989-1663

1    Upon the Miscellaneous Administrative Request of Plaintiffs For Leave To Take

2    Immediate Discovery, the Declaration of Jonathan Whitehead and the exhibit thereto, Plaintiffs'

3    Request for Judicial Notice, and the Declaration of Zuzana J. Svihra, it is hereby:

4    ORDERED that Plaintiffs may serve immediate discovery on the University of

5    California, Berkeley to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena

6    that seeks information sufficient to identify each Doe Defendant, including the name, address,

7    telephone number, e-mail address, and Media Access Control addresses for each Defendant.

8    IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in

9    response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting

10    Plaintiffs' rights under the Copyright Act.

11    Without such discovery, Plaintiffs cannot identify the Doe Defendants, and thus

12    cannot pursue their lawsuit to protect their copyrighted works from infringement.

13

14    Dated: __April 28, 2004__          ~~James Larson U.S. Magistrate Judge~~

15                                                    ~~United States District Judge~~

16

17

18

19

20

21

22

23

24

25

26

27

28

COBLENTZ, PATCH, DUFFY & BASS, LLP
One Ferry Building, Suite 200, san francisco, ca 94111-4213
(415) 391-4800  •  (415) 989-1663

1  Matthew Franklin Jaksa (CA State Bar No. 248072)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
3  San Francisco, CA  94105-2994
   Telephone:  (415) 268-2000
4  Facsimile:  (415) 268-1999
   Email:        matt.jaksa@hro.com
5
6  Attorneys for Plaintiffs,
   ARISTA RECORDS LLC; ATLANTIC RECORDING CORPORATION;
7  BMG MUSIC; CAPITOL RECORDS, INC.; ELEKTRA
   ENTERTAINMENT GROUP INC.; INTERSCOPE RECORDS; LAFACE
8  RECORDS LLC; MAVERICK RECORDING COMPANY; MOTOWN
   RECORD COMPANY, L.P.; PRIORITY RECORDS LLC; SONY BMG
9  MUSIC ENTERTAINMENT; UMG RECORDINGS, INC.; VIRGIN
   RECORDS AMERICA, INC.; and WARNER BROS. RECORDS INC.
10

11                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF CALIFORNIA
12

|  |  |
|---|---|
| 13  ARISTA RECORDS LLC, a Delaware limited liability company; ATLANTIC RECORDING CORPORATION, a Delaware corporation; BMG MUSIC, a New York general partnership; CAPITOL RECORDS, INC., a Delaware corporation; ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; INTERSCOPE RECORDS, a California general partnership; LAFACE RECORDS LLC, a Delaware limited liability company; MAVERICK RECORDING COMPANY, a California joint venture; MOTOWN RECORD COMPANY, L.P., a California limited partnership; PRIORITY RECORDS LLC, a California limited liability company; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; UMG RECORDINGS, INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; and WARNER BROS. RECORDS INC., a Delaware corporation, | CASE NO. 07-1641 LKK EFB **ORDER GRANTING EX PARTE APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY** |

                                       Plaintiffs,

            v.

   DOES 1-16,
                                       Defendants.

[Proposed] Order Granting Ex Parte Application for Leave to Take Immediate Discovery
Case No.
#31640 v1

1         Upon the Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery,

2    the Declaration of Carlos Linares, and the accompanying Memorandum of Law, it is hereby

3    ORDERED that Plaintiffs may serve immediate discovery on University of California, Davis to

4    obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks documents that

5    identify each Doe Defendant, including the name, current (and permanent) addresses and telephone

6    numbers, e-mail addresses, and Media Access Control addresses for each Defendant.

7         Although parties must generally meet and confer prior to seeking expedited

8    discovery, that requirement may be dispensed if good cause is shown. *See* Fed. R. Civ. P. 26(d);

9    *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002).  Here, the

10   plaintiffs have presented evidence that the subpoena is necessary to identify the defendants, serve

11   them with the complaint and summons, and prosecute their claims of copyright infringement. *See*

12   *Gillespie v. Civletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("where the identity of alleged defendants

13   will not be known prior to the filing of a complaint . . . . the plaintiff should be given an opportunity

14   through discovery to identify the unknown defendants, unless it is clear that discovery would not

15   uncover the identities, or that the complaint would be dismissed on other grounds.").  Plaintiffs have

16   further averred that records kept by internet service providers ("ISP") such as the University of

17   California, Davis, are regularly destroyed, sometimes on a daily or weekly basis. *See* Linares

18   Declaration, at ¶ 24.  Based on the foregoing, the court finds that plaintiffs have demonstrated good

19   cause for the expedited discovery.

20        The disclosure of this information is ordered pursuant to 20 U.S.C. § 1232g(b)(2)(B).

21   Consistent with that provision, if and when the University of California, Davis is served with a

22   subpoena, it shall, within five business days, give written notice to the subscribers whose identities

23   are to be disclosed in response to the subpoena.  Such written notice may be achieved by messages

24   sent via electronic mail.  If the University of California, Davis, and/or any defendant wishes to move

25   to quash the subpoena, they shall do so before the return date of the subpoena.

26

27

28

1

[Proposed] Order Granting Ex Parte Application for Leave to Take Immediate Discovery
Case No.
#31640 v1

1      IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in

2  response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting

3  Plaintiffs' rights under the Copyright Act.

4

5  Dated: _____ August 23, 2007.

6                                          EDMUND F. BRENNAN
7                                          UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[Proposed] Order Granting Ex Parte Application for Leave to Take Immediate Discovery
Case No.
#31640 v1

FILED

2007 APR 23  PM 1:19

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

SONY BMG MUSIC ENTERTAINMENT, a
Delaware general partnership; UMG
RECORDINGS, INC., a Delaware corporation;
ARISTA RECORDS LLC, a Delaware limited
liability company; CAPITOL RECORDS, INC., a
Delaware corporation; WARNER BROS.
RECORDS INC., a Delaware corporation;
INTERSCOPE RECORDS, a California general
partnership; PRIORITY RECORDS LLC, a
California limited liability company; ATLANTIC
RECORDING CORPORATION, a Delaware
corporation; FONOVISA, INC., a California
corporation; MAVERICK RECORDING
COMPANY, a California joint venture; MOTOWN
RECORD COMPANY, L.P., a California limited
partnership; ELEKTRA ENTERTAINMENT
GROUP INC., a Delaware corporation; BMG
MUSIC, a New York general partnership; VIRGIN
RECORDS AMERICA, INC., a California
corporation; and LAFACE RECORDS LLC, a
Delaware limited liability company,

                    Plaintiff,

          v.

DOES 1 - 16,

                    Defendants.

CASE NO. '07 CV 0581 BTM    AJB

[PROPOSED] ORDER GRANTING
PLAINTIFFS' *EX PARTE*
APPLICATION FOR LEAVE TO
TAKE IMMEDIATE DISCOVERY

1

1    Upon the Plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery, the

2  Declaration of Carlos Linares, and the accompanying Memorandum of Law, it is hereby:

3    ORDERED that Plaintiffs may serve immediate discovery on SBC Internet Services, Inc. to

4  obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks documents that

5  identify each Doe Defendant, including the name, current (and permanent) addresses and telephone

6  numbers, e-mail addresses, and Media Access Control addresses for each Defendant. The disclosure

7  of this information is ordered pursuant to 47 U.S.C. § 551(c)(2)(B).

8    IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in response to the

9  Rule 45 subpoena may be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under

10  the Copyright Act.

11

12  DATED:   *4-19-07*        By: _____
                                      United States District Judge

2

04-CV-00960-IFP

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UMG RECORDINGS, INC., a Delaware corporation; ATLANTIC RECORDING CORPORATION, a Delaware corporation; WARNER BROS. RECORDS INC., a Delaware corporation; SONY MUSIC ENTERTAINMENT INC., a Delaware corporation; BMG MUSIC, a New York general partnership; and VIRGIN RECORDS AMERICA, INC., a California corporation,<br><br>        Plaintiffs,<br><br>   v.<br><br>DOES 1 - 2,<br><br>        Defendants. | No. C04- 0960(c)-L<br><br>[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY |

Upon the Motion of Plaintiffs for Leave to Take Immediate Discovery and the supporting Memorandum of Law, and the declaration of Jonathan Whitehead and the exhibit thereto, it is hereby:

ORDERED that Plaintiffs may serve immediate discovery on Microsoft Corporation to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant.

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY
Page 1

YARMUTH WILSDON CALFO PLLC
THE IDX TOWER
925 FOURTH AVENUE, SUITE 2500
SEATTLE, WA 98104
T 206.516.3800 F 206.516.3888

1       IT IS FURTHER ORDERED THAT any information disclosed to Plaintiffs in

2    response to the Rule 45 subpoena may be used by Plaintiffs solely for the purpose of

3    protecting Plaintiffs' rights under the Copyright Act.

4

5    Dated:  _May 14, 2004_        _____

6                           United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

[PROPOSED] ORDER GRANTING
PLAINTIFFS' MOTION FOR LEAVE TO
TAKE IMMEDIATE DISCOVERY
Page 2

YARMUTH WILSDON CALFO PLLC
THE IDX TOWER
925 FOURTH AVENUE, SUITE 2500
SEATTLE, WA 98104
T 206 516 3800  F 206 516 3888

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

MAY 1 0 2004

JAMES R. LARSEN, CLERK
_____DEPUTY
SPOKANE, WASHINGTON

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

LOUD RECORDS, LLC, a
Delaware corporation; WARNER
BROS. RECORDS INC., a
Delaware corporation; ATLANTIC
RECORDING CORPORATION, a
Delaware corporation; VIRGIN
RECORDS AMERICA, INC., a
California corporation; PRIORITY
RECORDS LLC, a California
limited liability company;
ELEKTRA ENTERTAINMENT
GROUP INC., a Delaware
corporation; BMG RECORDINGS,
INC, a Delaware corporation;
ARISTA RECORDS, INC., a
Delaware corporation; BMG
MUSIC, a New York general
partnership; SONY MUSIC
ENTERTAINMENT INC., a
Delaware corporation; MAVERICK
RECORDING COMPANY, a
California joint venture; and
CAPITOL RECORDS, INC., a
Delaware corporation,

                    Plaintiffs,

        v.

DOES 1-5,

                    Defendants.

NO.  CV-04-0134-RHW

**ORDER GRANTING PLAINTIFFS'
MOTION FOR LEAVE TO TAKE
IMMEDIATE DISCOVERY**

    Before the Court is Plaintiffs' Motion for Leave to Take Immediate

Discovery (Ct. Rec. 7).  The Plaintiffs, members of the Recording Industry

Association of America, Inc. ("RIAA"), have filed a complaint alleging that DOES

ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE
IMMEDIATE DISCOVERY * 1

1   1-5 illegally engaged in uploading and downloading copyrighted recordings
2   through www.KaZaA.com, a peer to peer ("P2P") internet service (Ct. Rec. 1).
3   While Plaintiffs are unable to identify the Does, they collected records of
4   Defendants' Internet Protocol ("IP") address, the times the downloads or uploads
5   took place, and information regarding the specific recordings that were
6   downloaded or uploaded.  The Plaintiffs were able to ascertain from Defendants'
7   IP addresses that they were utilizing Gonzaga University as their Internet Service
8   Provider ("ISP").  Plaintiffs seek statutory damages under 17 U.S.C. § 504(c),
9   attorneys fees and costs pursuant to 17 U.S.C. § 505, and injunctive relief under
10  17 U.S.C. §§ 502 and 503.
11      In their Motion for Leave to Take Immediate Discovery, the Plaintiffs seek
12  leave to serve Gonzaga University, the ISP for Does 1-5, with a Rule 45 Subpoena
13  Duces Tecum, requiring Gonzaga University to reveal the Defendant's names,
14  addresses, email addresses, telephone number, and Media Access Control
15  ("MAC") addresses.
16      The Ninth Circuit has held that "where the identity of alleged defendants
17  will not be known prior to the filing of a complaint . . . . the plaintiff should be
18  given an opportunity through discovery to identify the unknown defendants,
19  unless it is clear that discovery would not uncover the identities, or that the
20  complaint would be dismissed on other grounds." *Gillespie v. Civiletti*, 629 F.2d
21  637, 642 (9th Cir. 1980).  Presumably, the discovery device anticipated by this
22  ruling was Rule 45, under which a party may compel a nonparty to produce
23  documents or other materials that could reveal the identities. *See Pennwalt Corp.*
24  *v. Durand-Wayland, Inc.*, 708 F.2d 492 (9th Cir. 1983).  The Court finds that this
25  instance presents the very situation indicated by *Gillespie*.  The Plaintiffs' case
26  relies on the disclosure of the Does' identities, and those identities are likely
27  discoverable from a third party.
28      Under Rule 26(d), Rule 45 subpoenas should not be served prior to a Rule

ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE
IMMEDIATE DISCOVERY * 2

1  26(f) conference unless the parties can show good cause. Fed. R. Civ. P. 26(d) ("a

2  party may not seek discovery from any source before the parties have conferred as

3  required by Rule 26(f) . . . . [u]nless the court upon motion . . . . orders

4  otherwise"); *see Semitool, Inc. V. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-

5  76 (N.D. Cal. 2002). The Plaintiffs have presented compelling evidence that the

6  records kept by ISP providers of IP addresses are regularly destroyed. Thus, good

7  cause has been shown.

8       Accordingly, **IT IS ORDERED** that:

9       1.    Plaintiffs' Motion for Leave to Take Immediate Discovery (Ct. Rec.

10  7) is **GRANTED.**

11      2.    Plaintiffs are **GIVEN LEAVE** to serve immediate discovery on

12  Gonzaga University to obtain the identity of each Doe Defendant by serving a

13  Rule 45 subpoena duces tecum that seeks each Doe Defendants' name, address,

14  telephone number, email address, and Media Access Control address. As agreed

15  by Plaintiffs, this information disclosed will be used solely for the purpose of

16  protecting their rights under the copyright laws.

17      3.    Plaintiffs are **ORDERED** to review Local Rule 7.1(g)(2) regarding the

18  citation of unpublished decisions. All unpublished decisions cited to the Court

19  have been disregarded.

20      **IT IS SO ORDERED.** The District Court Executive is hereby directed to

21  enter this order and to furnish copies to counsel of record.

22      **DATED** this _10_ day of May, 2004.

23

24

25                                ROBERT H. WHALEY
                                  United States District Judge

26

27  Q:\Civil\2004\Loud Records\Loud.immediatediscovery.order.wpd

28

ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO TAKE
IMMEDIATE DISCOVERY * 3

Received 04/02/2004 04:25PM in 01:28 from 213 894 1815 to on line [/] for FAX3 * Pg 2/3
04/02/04  FRI 17:22 FAX 213 894 1815     U.S DISTRICT COURT                    ☑002

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

#### CIVIL MINUTES - GENERAL

Case No. CV 04-1962 ABC (AJWx)                    Date: April 2, 2004

Title: LONDON-SIRE RECORDS, INC., et. al., v. DOES 1-4
=================================================
PRESENT:

HON. ANDREW J. WISTRICH, MAGISTRATE JUDGE

    Ysela Benavides
    Deputy Clerk                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:      ATTORNEYS PRESENT FOR DEFENDANTS:
    None Present                         None Present

## ORDER REGARDING PLAINTIFFS' EX PARTE APPLICATION FOR LEAVE TO TAKE IMMEDIATE DISCOVERY

Plaintiffs are thirteen record companies who have filed a lawsuit against four unnamed "doe" defendants for alleged copyright infringement. Plaintiffs filed a motion for leave to take immediate discovery on March 23, 2004. [Notice of Ex Parte Application for Leave to Take Immediate Discovery ("Notice") filed March 23, 2004]. Plaintiffs allege that defendants, using an online peer-to-peer ("P2P") media distribution system, made available for distribution, and in fact distributed, copyrighted songs without license or other authority to do so, thereby infringing plaintiffs' copyrights. [See Memorandum of Law in Support of Ex Parte Application For Leave to Take Immediate Discovery ("Memorandum") filed March 23, 2004, at 2]. Plaintiffs have acquired the Internet Protocol ("IP") addresses assigned to each of the four defendants on the dates and times of the infringing activity. [Memorandum 2]. Using a public database, plaintiffs determined that the subject IP addresses belong to the University of Southern California ("USC"). [Memorandum 2-3]. As an Internet Service Provider ("ISP"), USC maintains a subscriber activity log indicating which of its subscribers were assigned the IP addresses in question on the relevant dates and times. [Memorandum 3]. In plaintiffs' experience, most ISPs maintain subscriber activity logs for only a short period of time before destroying the information contained in the logs. [Memorandum 3]. From the subscriber logs, USC can use the IP addresses and temporal information provided by plaintiffs to identify the true names, street addresses, phone numbers, e-mail addresses, and Media Access Control ("MAC") addresses for each defendant. [Memorandum 3]. Plaintiffs ask this Court to allow immediate issuance of a subpoena directing USC to produce defendants' names and the other personal information described above so that plaintiffs may contact defendants in an attempt to negotiate a resolution to plaintiffs' claims, or failing that, to add defendants as named parties to this litigation.

Received 04/02/2004 04:25PM in 01:28 from 213 894 1815 to  on line 1/J for FAX3 * Pg 3/3
04/02/04  FRI 17:22 FAX 213 894 1816      U.S DISTRICT COURT                                    @003

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES--GENERAL

Generally, parties must meet and confer prior to seeking expedited discovery. See Fed. R. Civ. P. 26(f). That requirement, however, may be dispensed with if good cause is shown. See Semitool, Inc. v. Tokyo Electron Am., Inc., 208 F.R.D. 273, 275-76 (N.D. Cal. 2002). Plaintiffs have shown good cause. The true identities of defendants are unknown to plaintiffs, and this litigation cannot proceed without discovery of defendants' true identities. [See Memorandum 7-9].

Subject to the following qualifications, plaintiffs' ex parte application for leave to take immediate discovery is granted.

If USC wishes to file a motion to quash the subpoena or to serve objections, it must do so before the return date of the subpoena, which shall be no less than twenty-one (21) days from the date of service of the subpoena. Among other things, USC may use this time to notify the subscribers in question.

USC shall preserve any subpoenaed information or materials pending compliance with the subpoena or resolution of any timely objection or motion to quash.

Plaintiffs must serve a copy of this order on USC when they serve the subpoena.

Any information disclosed to plaintiffs in response to the Rule 45 subpoena must be used by plaintiffs solely for the purpose of protecting plaintiffs' rights under the Copyright Act as set forth in the complaint.

**IT IS SO ORDERED.**

cc:    Parties

Received 03/30/2004 09:44AM in 02:06 on line [11] for RHARRIS * Pg 2/3

```
                                        _____
                                        /  FILED  _____ .LODGED
                                        |  ____ RECEIVED _____ .COPY
                                        |
                                        |      MAR 3 0 2004
                                        |
                                        |  CLERK U S DISTRICT COURT
                                        |   DISTRICT OF ARIZONA
                                        | BY _____ DEPUTY
```

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Interscope Records, et al., | ) |
|        Plaintiffs, | )   No. CV-04-131 TUC - JM |
| v. | ) |
| Does 1 - 4, | )   **ORDER** |
|        Defendants. | ) |

      Pending before the Court is the Plaintiffs' *ex parte* Motion for Leave to Take Immediate Discovery [Docket No. 2]. Upon consideration of the Motion and the supporting Memorandum of Law, and the declaration of Jonathan Whitehead and the exhibit attached thereto, it is hereby;

      ORDERED that Plaintiffs' Motion for Leave to Take Immediate Discovery [Docket No. 2] is GRANTED;

      IT IS FURTHER ORDERED that Plaintiffs may serve immediate discovery on the University of Arizona to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Doe Defendant, including the name, address, telephone number, e-mail address, and Media Access Control addresses for each Defendant;

      IT IS FURTHER ORDERED that any information disclosed to Plaintiffs in response to the Rule 45 subpoena shall be used by Plaintiffs solely for the purpose of protecting Plaintiffs' rights under the Copyright Act as set forth in the Complaint;

JM

1      IT IS FURTHER ORDERED that, if and when the University of Arizona is served

2  with a subpoena, within five (5) business days thereof it shall give written notice, which can

3  include use of e-mail, to the subscribers whose identities are to be disclosed in response to

4  the subpoena.  If the University of Arizona and/or any Defendant wishes to move to quash

5  the subpoena, they shall do so before the return date of the subpoena, which shall be twenty-

6  five (25) business days form the date of service;

7      IT IS FURTHER ORDERED that, if and when the University of Arizona is served

8  with a subpoena, the University of Arizona shall preserve the data and information sought

9  in the subpoena pending resolution of any timely filed motion to quash;

10      IT IS FURTHER ORDERED that counsel for Plaintiffs shall provide a copy of this

11  Order to the University of Arizona when the subpoena is served.

12      Dated this _25_ day of March, 2004.

13

14

15                                  _____

16                             JACQUELINE MARSHALL

17                         UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

2