1  Matthew Franklin Jaksa (CA State Bar No. 248072)
   HOLME ROBERTS & OWEN LLP
2  560 Mission Street, 25th Floor
   San Francisco, CA  94105-2994
3  Telephone:  (415) 268-2000
4  Facsimile:   (415) 268-1999
   Email:         matt.jaksa@hro.com
5
6  Attorneys for Plaintiffs,
   MAVERICK RECORDING COMPANY;
7  UMG RECORDINGS, INC.; SONY BMG
   MUSIC ENTERTAINMENT; and
8  INTERSCOPE RECORDS
9

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| MAVERICK RECORDING COMPANY, a California joint venture; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; and INTERSCOPE RECORDS, a California general partnership,<br><br>               Plaintiffs,<br><br>     v.<br><br>JOHN DOE,<br>               Defendant. | CASE NO. 3:07-CV-06029-JSW<br><br>**Honorable Jeffrey S. White**<br><br>*EX PARTE* **APPLICATION TO CONTINUE CASE MANAGEMENT CONFERENCE AND EXTEND TIME TO SERVE DEFENDANT AND [PROPOSED] ORDER** |

1	Plaintiffs respectfully request that the Court continue the case management conference
2 currently set for March 21, 2008, at 1:30 p.m. to July 25, 2008.  Plaintiffs further request, pursuant to
3 the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1)(A), that the Court grant an additional
4 90 days – until June 26, 2008 – to serve Defendant with the Summons and Complaint.  As further
5 explained below, Plaintiffs have not yet discovered the identity of the Doe defendant in this case,
6 and cannot move this case forward until they do so.  In support of their request, Plaintiffs state as
7 follows:

8	1.	The initial case management conference is currently scheduled for March 21, 2008, at
9 1:30 p.m..  The current deadline for service of process is March 28, 2008.  No previous continuances
10 or extensions have been requested or granted in this case.[1]

11	2.	Plaintiffs filed their Complaint for Copyright Infringement against Defendant John
12 Doe ("Defendant") on November 29, 2007.  Plaintiffs did not have sufficient identifying information
13 to name Defendant in the Complaint, but were able to identify Defendant by the Internet Protocol
14 address assigned by Defendant's Internet Service Provider ("ISP").  Accordingly, in order to
15 determine Defendant's true name and identity, Plaintiffs filed their *Ex Parte* Application for Leave
16 to Take Immediate Discovery on November 29, 2007, requesting that the Court enter an Order
17 allowing Plaintiffs to serve a Rule 45 subpoena on the ISP.

18	3.	The Court entered an Order for Leave to take Immediate Discovery on January 30,
19 2008, which was promptly served upon the ISP along with a Rule 45 subpoena.  Plaintiffs expect the
20 ISP to respond to the subpoena on March 14, 2008.

21	4.	Once Plaintiffs receive the Doe defendant's identifying information from the ISP,
22 Plaintiffs intend to send a letter to Defendant notifying him or her of Plaintiffs' claims and inviting
23 Defendant to contact Plaintiffs and attempt resolution of the dispute.  If the dispute cannot be
24 resolved, Plaintiffs intend to file a First Amended Complaint naming Defendant personally, and then
25 proceed to serve process upon him or her.

---

[1] The initial case management conference was originally scheduled for March 11, 2008.  However, this conference was vacated by the Court's Reassignment Order of February 15, 2008, and subsequently scheduled for March 21, 2008 pursuant to the Clerk's Notice of February 25, 2008.

1

Ex Parte Application to Continue CMC and Extend Service Deadline and [Proposed] Order
Case No. 3:07-cv-06029-JSW
#36147 v1

1     5.     Given the foregoing circumstances, and because Plaintiffs will not learn Defendant's
2  identity until shortly before the date of the currently scheduled case management conference,
3  Plaintiffs respectfully request that the case management conference be continued to July 25, 2008, or
4  such other date as conveniences the Court.

5     6.     Plaintiffs also request an additional 90 days – until June 26, 2008 – to effectuate
6  service.  Given that the current deadline for service of process expires just fourteen days after
7  Plaintiffs expect to learn Defendant's identity, Plaintiffs would be left with little time to attempt to
8  contact Defendant and resolve the dispute, or to amend the Complaint and begin service attempts on
9  Defendant if attempts to resolve the dispute fail.

10    7.     Given the circumstances of this case, good cause exists under Rule 4(m) for an
11 extension of time to serve Defendant.  *See Matasareanu v. Williams*, 183 F.R.D. 242, 245-46 (C.D.
12 Cal. 1998) (stating good cause standard for service extensions).  Unlike a traditional case in which
13 the defendant is known by name and efforts to serve can begin immediately after filing the
14 complaint, in this case Plaintiffs first must obtain the identity of the defendant through the subpoena
15 to the ISP, a process which is not yet complete.  Moreover, Plaintiffs submit that their plans to notify
16 Defendant of their claims (once he or she is identified) and attempt to resolve the case before naming
17 him or her in the lawsuit constitute further good cause for any delay in perfecting service.  This
18 Court has discretion to enlarge the time to serve even where there is no good cause shown.
19 *Henderson v. United States*, 517 U.S. 654, 658 n. 5 (1996).

20    8.     Because the copyright infringements here occurred in 2007, the three-year limitations
21 period for these claims has not expired.  *See* 17 U.S.C. § 507(b) (2000).  There can thus be no
22 prejudice to Defendant from any delay in serving the Complaint.

2

Ex Parte Application to Continue CMC and Extend Service Deadline and [Proposed] Order
Case No. 3:07-cv-06029-JSW
#36147 v1

1. 9. Plaintiffs will provide the Defendant with a copy of this request and any Order concerning this request when service of process occurs.

Dated: March 11, 2008

HOLME ROBERTS & OWEN LLP

By: /s/ Matthew Franklin Jaksa
MATTHEW FRANKLIN JAKSA
Attorney for Plaintiffs
MAVERICK RECORDING COMPANY;
UMG RECORDINGS, INC.; SONY BMG
MUSIC ENTERTAINMENT; and
INTERSCOPE RECORDS

### [PROPOSED] ORDER

Good cause having been shown:

**IT IS ORDERED** that the case management conference currently set for March 21, 2008, at 1:30 p.m. be continued to July 25, 2008.

**IT IS FURTHER ORDERED**, pursuant to the Federal Rules of Civil Procedure, Rules 4(m) and 6(b)(1), that Plaintiffs' time to serve the Summons and Complaint on Defendant be extended to June 26, 2008.

Dated: March 12, 2008

By: /s/ Jeffrey S. White
Honorable Jeffery S. White
United States District Judge